UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>              Plaintiff,<br><br>     v.<br><br>CC3 DAVID MCKINNEY AND HAL SNIVELY,<br><br>              Defendants. | NO. CV-06-5006-JPH<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

   Magistrate Judge Hutton filed a Report and Recommendation on January 15, 2008, recommending that Defendants' motion for summary judgment (Ct. Rec. 56) be granted and that Plaintiff's first amended complaint be dismissed with prejudice. (Ct. Rec. 99.) On January 28, 2007, Plaintiff filed objections to the Report and Recommendation. (Ct. Rec. 100.) Defendants filed a response to Plaintiff's objections on February 6, 2008. (Ct. Rec. 106.)

   Plaintiff alleges a retaliation claim against Defendant McKinney claiming Defendant McKinney refused to provide him legal copies and gave him an incorrect amount of legal copies. (Ct. Rec. 18.)

   The magistrate judge correctly relied upon a string of Ninth Circuit retaliation cases to support his finding that Defendant McKinney's actions with respect to Plaintiff's legal copy requests,

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

as described in the Report and Recommendation, were not the type of actions that give rise to a cognizable claim for relief for retaliation. (Ct. Rec. 99 at 14.)

As noted in the Report and Recommendation, Plaintiff did not assert that he was completely denied the opportunity to have legal copies made. (Ct. Rec. 99 at 13.) Plaintiff further did not contend that, as a result of Defendant McKinney's actions regarding the photocopy requests, he actually missed a filing deadline which was not accommodated by the courts or that he was prevented from pursuing a claim against prison officials. (Ct. Rec. 99 at 13.) Accordingly, the undisputed facts demonstrate that Plaintiff was not denied the opportunity to have his legal copies made, he was simply not allowed to direct the exact time his copy demands would be met. Furthermore, as indicated in the Report and Recommendation, the photocopy delays of which Plaintiff complains can be attributed to many factors, including Plaintiff's own lack of diligence, as well as a malfunctioning copy machine and Defendant McKinney's schedule, vacation time, and sick leave. (Ct. Rec. 59 ¶¶ 18-31; Ct. Rec. 99 at 15.). The undisputed facts show that Defendant McKinney's actions with respect to the photocopying requests were not clearly retaliatory; therefore, Plaintiff has failed to establish a retaliation claim in this regard.

Plaintiff also argues that Defendant McKinney violated his constitutional rights by being rude, intimidating, and aggressive. (Ct. Rec. 18). As indicated in the Report and Recommendation, the facts as alleged by Plaintiff regarding Defendant McKinney's behavior do not establish a constitutional violation. (*See*, Ct. Rec. 99 at 15-16.) The undisputed facts regarding Defendant

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

McKinney's conduct do not support a constitutional claim.

Plaintiff additionally alleges retaliation claims against Defendants asserting that Defendants threatened to transfer and subsequently transferred him to a different facility based on his grievance filings. (Ct. Rec. 18.)

The undisputed facts do not demonstrate that Defendant Snively threatened Plaintiff with an unfavorable transfer in retaliation for Plaintiff's pursuit of grievances. As noted in the Report and Recommendation, Defendant Snively was aware that Plaintiff had requested protective custody and wanted to be housed in the SHU. (Ct. Rec. 59 ¶¶ 29-30.) It was explained that Plaintiff's demand for another counselor, if granted, would require his transfer out of the SHU. (Ct. Rec. 59 ¶ 29.) Accordingly, Defendant Snively's comment to Plaintiff informing him to "[w]atch your demands, you may not like the outcome" (Ct. Rec. 59 ¶ 34), was a warning to Plaintiff that assignment to a new counselor would result in an unwanted outcome, a transfer that would not be favorable to Plaintiff if Plaintiff's custody level had not changed. (Ct. Rec. 99 at 18.) Defendant Snively's remark was not a threat of transfer based on Plaintiff's grievance filings.

The undisputed facts reveal that Plaintiff was transferred from the SHU because he was promoted from medium custody to long-term minimum custody. (Ct. Rec. 59 ¶¶ 36-41.) Plaintiff fails to demonstrate that his promotion from medium custody to minimum custody, and subsequent transfer based on this custody level promotion, was an adverse action orchestrated by Defendants. The facts do not demonstrate that retaliation was a substantial or motivating factor behind Plaintiff's transfer.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

Finally, although the magistrate judge did not need to address Defendants' arguments that they are entitled to qualified immunity from this lawsuit, the magistrate judge additionally noted that the claims against Defendants were barred by qualified immunity. There is no clearly established right to demand immediate photocopies or to not be transferred when custody levels are changed. Accordingly, as indicated in the Report and Recommendation, Defendants would additionally be entitled to qualified immunity in this case.

Having reviewed the January 15, 2008, Report and Recommendation (Ct. Rec. 99), Plaintiff's objections thereto (Ct. Rec. 100), and Defendants' response to Plaintiff's objections (Ct. Rec. 106), the January 15, 2008, Report and Recommendation is **ADOPTED** in its entirety.

Based on the forgoing, **IT IS HEREBY ORDERED:**

1. Defendants' motion for summary judgment (**Ct. Rec. 56**) is **GRANTED** and Plaintiff's first amended complaint **(Ct. Rec. 18)** is **DISMISSED, with prejudice.**

2. Judgment shall be entered for **Defendants.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, forward copies to Plaintiff and counsel for Defendants, and **CLOSE** the file.

**DATED** this ___25th___ day of February 2008.

S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\06cv5006.Entler.Ord.Adopt.R&R MSJ.new.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION - 4